**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD J. WRIGHT,

   Plaintiff,

  v.

CESAR SINNACO, M.D.; MICHAEL FRIEDMAN, M.D., Chief Medical Officer; A. P. KANE, Warden (A), and DOES 1-25,

   Defendants.
               /

No. C 05-2154 PJH (PR)

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

  This is a civil rights case filed pro se by a state prisoner. Defendants have filed a motion for summary judgment and plaintiff has opposed it. It is ready for decision.

## BACKGROUND

  In his complaint, plaintiff alleged that in response to a grievance the year 2000 he was told he would be seen by a neurologist for numbness in his arm and hand, and that defendant doctor Sinnaco told him in response to an April, 2003, grievance that he would be seen for evaluation and treatment, but he was not. He also alleged that later in 2003, after having a CT scan, he filed a grievance complaining that he had asked to discuss the case with the doctor who saw him but that doctor refused, and that doctor Rosenthal had told him that the results of the CT scan were "not informative" and that nothing could be done. This grievance, he alleged, had been partially granted by defendant doctor Friedman. In its initial review order the court dismissed defendant Kane and concluded that plaintiff's allegations as to doctors Friedman and Sinnaco were sufficient to require a response.

///

# DISCUSSION

## A. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

## B. Analysis

### 1. Medical care standard for prisoners

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.*

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 104). The existence of an injury that a reasonable

1 doctor or patient would find important and worthy of comment or treatment; the presence of
2 a medical condition that significantly affects an individual's daily activities; or the existence
3 of chronic and substantial pain are examples of indications that a prisoner has a "serious"
4 need for medical treatment. *Id.* at 1059-60.

5       A prison official is deliberately indifferent if she knows that a prisoner faces a
6 substantial risk of serious harm and disregards that risk by failing to take reasonable steps
7 to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Neither negligence nor gross
8 negligence will constitute deliberate indifference. *Id.* at 835-36 & n.4 (1994); *Estelle v.*
9 *Gamble*, 429 U.S. at 106. A prison official cannot be held liable under the Eighth
10 Amendment for denying an inmate humane conditions of confinement unless the standard
11 for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk
12 to inmate health or safety. *Farmer*, 511 U.S. at 837. The official must both be aware of
13 facts from which the inference could be drawn that a substantial risk of serious harm exists
14 and have actually drawn the inference. *Id.* If a prison official should have been aware of
15 the risk, but was not, the official has not violated the Eighth Amendment, no matter how
16 severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

17       "A difference of opinion between a prisoner-patient and prison medical authorities
18 regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d
19 1337, 1344 (9th Cir. 1981). A claim of mere negligence or harassment related to medical
20 problems is not enough to make out a violation of the Eighth Amendment. *Id.; see, e.g.,*
21 *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming
22 from alleged delays in administering pain medication, treating broken nose and providing
23 replacement crutch, because claims did not amount to more than negligence); *O'Loughlin*
24 *v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins
25 and antacids to alleviate headaches, nausea and pains is not constitutional violation;
26 isolated occurrences of neglect may constitute grounds for medical malpractice but do not
27 rise to level of unnecessary and wanton infliction of pain).
28 ///

**2. Analysis**

Defendants contend that plaintiff can produce no evidence sufficient to generate a genuine issue of material fact going to the "deliberate indifference" issue, and have supported their contention with a declaration from doctor Sinnaco and medical records sufficient to shift the burden to plaintiff to show the existence of a genuine issue for trial. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000) (movants claiming that party with the burden of proof at trial has no facts must produce summary judgment materials to show lack of genuine issue of material fact, at which point party opposing motion must produce materials sufficient to show the existence of such facts for trial).

Plaintiff has not verified his opposition to the motion for summary judgment, nor is it supported by a declaration.[1]  The allegations in it therefore cannot serve as evidence in opposition to the motion.  His complaint, however, is verified, so to the extent it contains facts rather than conclusions or vague allegations, it can serve that purpose.  *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (verified complaint can serve as affidavit in opposition to motion for summary judgment if it is based on personal knowledge and sets forth specific facts admissible in evidence).

Plaintiff's allegation in the complaint that he was told he would be referred to a neurologist is undisputed, and although plaintiff never actually says that no such referral occurred, the defendants do not contend that it did, and they assume in their motion that there was none.  Also undisputed, however, is doctor Sinnaco's statement, based on his medical experience, that experienced physicians, such as those who saw plaintiff, are fully capable of making the necessary evaluation.  Decl. of Sinnaco at ¶¶ 6, 7, 8.  As a result it could not have been deliberate indifference to not refer plaintiff, given that the general practitioners at the prison were qualified to do the examination.  There is no genuine issue

---

[1] He was warned of the need to do so in the order of service.  *See Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc); *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

4

of material fact going to the issue of whether failure to refer plaintiff to a neurologist was deliberate indifference, and defendants are entitled to judgment as a matter of law on this claim.

Plaintiff may also be attempting to claim that defendants were deliberately indifferent to the numbness in his hand, leaving aside the neurologist issue. As to that claim, the complaint is evidence that plaintiff was told on October 23, 2000, that he would be seen by a neurologist; that in response to a grievance filed in April of 2003 he was told by defendant Sinnaco that he would be given evaluation and treatment; that this was not done; that he filed a grievance in September of 2003 complaining about events after he received a CT scan,; and that defendant Friedman responded that the grievance as "partially granted."

In short, most of plaintiff's complaint – the only evidence in this record that the court can consider in deciding whether he has shown a genuine issue of material fact – is a recitation of what he contended in grievances, rather than direct allegations of what happened. These allegations are evidence of what defendants knew, but are not evidence of the events recited in the grievances.

And even if the court were to stretch a point and consider plaintiff's description of what was in the grievances as being allegations that those events happened, rather than merely that they were grieved, the only factual allegations about lack of treatment are his assertions that in response to a grievance filed on April 18, 2003, doctor Sinnaco told him he would be seen for evaluation and treatment and that he was not. This contention is undermined by plaintiff's own allegation that he received a CT scan before he filed another grievance in September of 2003, and by the undisputed record that he received the CT scan in July of 2003 and was evaluated again by doctor Friederichs in January of 2004. *See* Sinnaco decl., exh. B at 007. The district court may not resolve disputed issues of material fact by crediting one party's version of events and ignoring another, *see Wall v. County of Orange*, 364 F.3d 1107, 1111 (9th Cir. 2004), but as against such undisputed evidentiary facts plaintiff's conclusory statement is insufficient to generate a genuine issue of material fact. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005)

(conclusory statement not sufficient to carry nomoving party's burden).

The other factual contention in a grievance was that doctor Rosenthal, who is not a defendant, told him that the numbness would not improve and that no further testing would be done, and that the doctor who gave him the CT scan refused to talk to him.  These allegations do not go to what the named defendants did, nor do they even show a genuine issue of material fact regarding deliberate indifference by nondefendants Rosenthal or the unnamed CT doctor, because there is no evidence that doctor Rosenthal was not right and acting in a medically appropriate manner, or that there was anything for the CT doctor to discuss.

The motion for summary judgment will be granted.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (document number 8 on the docket) is **GRANTED**.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  March 27, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.05\WRIGHT154.SJ